United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50098
Summary Calendar

_____

TERENCE GREGORY,

Plaintiff - Appellant,

versus

TEXAS YOUTH COMMISSION; ERIC YOUNG, in
his official and individual capacity;
MELODY VIDAURRI, in her official and
individual capacity; CAROL CARMEAN, in
her official and individual capacity,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas, Austin Division
USDC No. A-02-262 LY

_____

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[1]

I

In this employment action, Terence Gregory, now pro se, sued
various parties: his employer, Texas Youth Commission ("TYC"), and
Eric Young, Melody Vidaurri and Carol Carmean. He sued the
individual defendants in both their individual and official
capacities. After various rulings by the district court, Gregory's
final remaining claims on summary judgment (and now before us on

_____

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal) were: 1) Title VII claims for retaliation against TYC and 2) claims against Young, Vidaurri and Carmean in their official capacities under section 1983 for violations of the First Amendment to the United States Constitution. He filed these retaliation claims after he was denied a promotion to JCO V in November 2000, arguing that the retaliation was connected to grievances and a lawsuit he had previously filed against his employer. With respect to his First Amendment claim, he incorporated the same facts used to support his Title VII retaliation claim. Defendants moved for summary judgment on both remaining claims.

The defendants contended that two of Gregory's three Title VII retaliation claims were not actionable under Title VII because they did not involve "ultimate employment decisions." With respect to the third claim -- the denial of a promotion -- they argued that Gregory failed to present evidence tending to show that the defendants' reasons for denying him the promotion were pretextual. The district court granted the defendants' motion for summary judgment for the reasons asserted by the defendants.

The district court also dismissed Gregory's claim of First Amendment violations under section 1983 on the same grounds on which it denied his meritless Title VII retaliation claims. Although the district court had dismissed the underlying First Amendment substantive claim, it further addressed Gregory's claims for injunctive relief against the individual state officers under

2

the Ex Parte Young exception to the Eleventh Amendment and dismissed these claims as well.

II

Gregory now appeals the dismissal of the Title VII retaliation claims and the First Amendment violation claim, arguing that he made a prima facie case for retaliation and produced evidence that Defendant-TYC's reason for denying him the promotion was pretextual. The district court concluded that he failed to make a prima facie case, and we agree.

Gregory contends that TYC violated his rights under Title VII by retaliating against him in the following manner: 1) by making him work more overtime than other employees; 2) by denying him proper access to TYC's internal grievance process; and 3) by denying him a promotion. To establish a claim for retaliation, a Title VII plaintiff must prove 1) that he was engaged in activity protected by Title VII; 2) "an adverse employment decision occurred"; and 3) "there was a causal connection between the participation in the protected activity and the adverse employment action." Messer v. Meno, 130 F.3d 130, 140 (5th Cir. 1997). We should note that only adverse employment decisions are actionable under Title VII. Actionable employment decisions are defined to include only ultimate employment decisions. The district court did not err in holding that making Gregory work overtime and denying

3

him proper access to the internal grievance process were not ultimate employment decisions.

Gregory's claim that he was denied a promotion was, however, an ultimate employment decision with respect to his Title VII retaliation claim. The district court did not err in finding that Gregory failed to make a prima facie showing of retaliation because he did not provide summary judgment evidence that there was a causal link between his protected activity and the denial of his promotion. The material submitted by Gregory consists largely of unsubstantiated allegations and somewhat confusing references to depositions and does not rise to the level of evidence tending to support his claims. "Summary judgment, to be sure, may be appropriate, even in cases where elusive concepts such as motive or intent are at issue, ... if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Grimes v. Texas Dept. of Mental Health and Mental Retardation, 102 F.3d 137, 139 (5th Cir. 1996). Gregory alleged, among other things, that the panelists who decided the promotion at issue retaliated against him because of the grievances and a lawsuit he had previously filed. The district court, however, noted that TYC designated as interviewers two panelists who testified under oath that they were not aware of Gregory's previous protected activity when they made the promotion decision. Gregory did not present any evidence to the contrary.

4

Gregory relies on the same allegations to support his First Amendment claim. Because, as we have noted above, these allegations do not rise to the level of summary judgment evidence, his First Amendment claim must also fail. Inasmuch as there is no evidence to support a holding of a violation of Gregory's First Amendment rights by TYC, there is no need to further address Gregory's argument for Ex Parte Young injunctive relief. Nevertheless, we find no reversible error in the district court's discussion of this issue. To seek relief under the Ex Parte Young exception, a plaintiff must establish standing by showing: 1) injury in fact; 2) causation; and 3) redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The district court dismissed these claims because the defendants were not in a position, at the time of the suit, to redress Gregory's complaints. Carmean is no longer employed at TYC; Young now works for TYC in Austin, Texas and has no authority over TYC employees at the Giddings facility; and Vidaurri no longer has supervisory authority over Gregory at the Giddings facility. Because Gregory failed to produce evidence of the redressability of his complaints, his claim for injunctive relief was meritless.

We have examined the briefs, the record, and the district court's opinion, and we find no reversible error in its legal analysis or its application of this legal analysis to the facts of

5

this case.[2]   Therefore, for the above reasons, which were delineated more completely in the district court's thorough opinion, the district court's judgment is in all respects

AFFIRMED.

---

[2] Gregory's motions for sanctions and to supplement the record are denied.