# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51369

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2017

Lyle W. Cayce
Clerk

SENAIDA SANDOVAL,

      Plaintiff - Appellant

v.

CITY OF PFLUGERVILLE; CHARLES HOOKER, individually and in his own capacity as Police Chief; BRANDON WADE, individually and in his own capacity as City Manager,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-845

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

      Plaintiff-Appellant Senaida Sandoval ("Sandoval") appeals the district court's summary-judgment dismissal of her Title VII, Texas Labor Code, First Amendment, and Americans with Disabilities Act retaliation claims. Sandoval asserts that the district court improperly weighed the evidence in reaching its decision. She avers that there are genuine issues of disputed material fact which preclude summary judgment. Sandoval also contends that the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51369

court erred in dismissing her ADA retaliation claim because she was not aware the issue was before the court and did not have an opportunity to submit evidence in support of this claim.

We review the grant of summary judgment de novo and apply the same standard as the district court.[1] Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]

Having reviewed the briefs, the record, the district court's opinion, and having heard counsels' arguments, we conclude there is no evidence that the Defendant-Appellees fired Sandoval because of her allegedly protected activity. She has therefore failed to establish a prima facie case of retaliation.[3] Furthermore, the evidence demonstrates that Sandoval received adequate notice that the Defendants-Appellees were seeking to dismiss her ADA retaliation claim.[4]

We are satisfied that the district court was correct in dismissing Sandoval's claims. Therefore, we affirm that court's judgment for the same reasons it provided in its opinion.

AFFIRMED.

---

[1] *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413, 416 (5th Cir. 2006)).

[2] FED. R. CIV. P. 56(a).

[3] *See Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644, 657 (5th Cir. 2012); *Juarez v. Aguilar,* 666 F.3d 325, 332 (5th Cir. 2011); *see also Gregory v. Texas Youth Comm'n*, 111 F. App'x 719, 721 (5th Cir. 2004) (affirming district court's grant of summary judgment on behalf of defendant when plaintiff did not present evidence of a causal link between protected activity and adverse employment action).

[4] *See, e.g., Homer v. Edgeworth*, 149 F.3d 1174 (5th Cir. 1998) ("The sole notice requirement when a summary-judgment motion has been filed is that the motion be served at least 10 days before the summary judgment hearing is held." (citing FED. R. CIV. P. 56(c))).